UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL WALL, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br> of the Social Security Administration, )<br>)<br>Defendant. ) | 1:05-cv-1221-SEB-JMS |

**Entry Discussing Application for
Attorney Fees under the Equal Access to Justice Act**

**I.  Background**

Michael Wall ("Wall") applied for Disability Insurance Benefits based on several severe physical impairments. His application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration.

Wall has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons discussed below, Wall's motion for fees (dkt 45) and his motion to amend the award of fees (dkt 50) are **granted.**

**II.  Discussion**

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); see *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  Here, Wall is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The Commissioner argues that his position in this case was substantially justified. He also opposes the amount of fees sought by Wall's counsel and objects to payment being made directly to counsel.

**A.**

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Id.* To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the Commissioner's (ALJ's) decision in this action was deficient. As explained in the Entry issued on August 1, 2007, the court agreed with all of Wall's claims of error.

First, the court determined that the ALJ's "failure to incorporate into his RFC assessment any difficulty in Wall's use of hands, arms and elbows is not supported by substantial evidence." *Entry Discussing Complaint for Judicial Review*, at 4. The ALJ also failed to acknowledge several documented impairments and failed to give any reason for omitting them and their related symptoms from his RFC determination. *Id.* This error violated long established Seventh Circuit precedent that although the ALJ need not discuss every piece of evidence, he may not "select and discuss only that evidence that favors his ultimate conclusion." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Such error also violated the principle that "[h]ypothetical questions posed to vocational experts ordinarily must include all limitations supported by medical evidence in the record." *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir.2004).

The court also agreed with Wall's assessment of the ALJ's errors in determining Wall's credibility. The ALJ's rationale for discounting Wall's credibility were based on factual errors and mischaracterizations of the record. The court pointed to several reasons why the ALJ's failure to credit Wall's complaints of his hands not working well was not supported by the record. *Entry,* at 4, footnote 3. The court cited an established line of judicial authority contradicted by the ALJ when he relied on minimal daily activities in concluding that Wall could perform work activities 40 hours a week. *Id.* at 5. Finally, the ALJ failed to point to any medical source who limited Wall's RFC to light work. Three treating physicians opined that Wall was unable to perform even sedentary work on a sustained basis. *Id.* The court did not reject any of Wall's arguments and did not adopt any position taken by the Commissioner. *See Golembiewski,* 382 F.3d at 725.

The court determined that the Commissioner's defense on the basis of "harmless error" was "unsupported by any authority or argument." *Entry*, at 5. The Commissioner argued that the vocational expert had testified that with additional limitations Wall could perform 112 sedentary unskilled jobs in the State of Indiana and that, therefore, even considering the errors identified by the court, Wall would be found "not disabled." The

Commissioner presented no authority, however, that 112 jobs in the entire state has been or would be considered a "significant" number. The Seventh Circuit in *Lee v. Sullivan,* 988 F.2d 789, 794 (7th Cir. 1993), concluded that 1,400 jobs were a significant number, and noted that other courts had found numbers as low as 174 could be deemed significant. No court cited in that case, however, had gone as low as 112.

For all of these reasons, the Commissioner's position did not have a reasonable basis in law and fact.

**B.**

Wall's counsel seeks an award of $9,710.00 for 58.8 hours of legal work performed by her, 2.75 hours of work performed by a paralegal and $250.00 for the filing fee. The Commissioner does not oppose the hourly rates sought by Wall. The Commissioner objects only to the number of hours requested. The Commissioner argues that the attorney hours spent were excessive because the issues involved were not new or novel. He contends that many courts have concluded that the average number of hours spent on a routine case is between 20 to 40 hours.

As is shown by the parties' briefs on this issue, cases can be found approving fees for less than 40 hours and also for more than 40 hours. Comparing other cases solely on the number of attorney hours expended, without more, does nothing to support a finding of reasonableness in this case. The complexity, number and types of issues, the size of the underlying record, and other factors cannot be compared based only on the numbers of hours spent. "We do not believe that a comparison of raw numbers of hours is helpful in determining whether the hours here were 'reasonably expended.'" *Tchemkou v. Mukasey,* 517 F.3d 506, 511 (7th Cir. 2008).

When reviewing an EAJA award, the court "must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly. *Id.* at 510 (internal quotations and citations omitted). In awarding fees, the district court has the discretion and the duty to determine the number of hours that were reasonably expended on the case at hand. *Hensley v. Eckerhart*, 461 U.S. 424, 432-33 (1983). "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434.

Wall's counsel points out valid reasons for why she had to expend "extra" time on this case. Approximately eight hours of her time were spent dealing with non-merit issues not created by Wall, including problems in obtaining a complete and accurate transcript from the Commissioner. In addition, counsel did not represent Wall at the administrative level, and was not familiar with the evidence and the issues. The very large 1089 page

transcript was jumbled, making it difficult to locate evidence.

The court finds that the amount of time spent on this case was not excessive. The court denies the Commissioner's request to reduce the amount of fees sought.

### C.

As a final note, the Commissioner argues that the award of fees should be paid to Wall as the prevailing party, not directly to his counsel. Counsel has requested that the fees be paid directly to her. The court recognizes that an award of attorney's fees to a "prevailing party" belongs to the party entitled to such an award and not to his attorney. The Seventh Circuit has held, however, that "'[t]echnically, the award of attorney's fees under section 1988 is to the party, not to his lawyer, but it is common to make the award directly to the lawyer where . . . the lawyer's contractual entitlement is uncontested.'" *Lowrance v Hacker*, 966 F.2d 1153, 1156 (7th Cir. 1992) (quoting *Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir. 1990)). "[W]here the lawyer is acting in his capacity as the client's representative, the question whether the motion for fees is in the name of the party or his attorney truly is a 'technicality.'" *Id*.

On August 12, 2005, Wall signed an agreement with his attorney stating that he would "cooperate as reasonably necessary to facilitate Jame Goldstein's ability to obtain the EAJA fees paid on her behalf." He agreed to endorse a check for fees from the government. It is clear that the client agreed to counsel's entitlement to the fees and arrangements would be made. Although an assignment of EAJA fees would have been more direct, the court finds it proper in this case to order the payment of fees directly to counsel. The client clearly agreed to counsel's entitlement to the fees. In addition, the court acknowledges its own lack of diligence in ruling on the request for fees. Due to the length of time that has passed since the motion for fees was filed, there is a possibility that making contact with Wall at this time may be difficult. The court directs that the fees in this case be made payable directly to counsel.

## III.  Conclusion

The Commissioner has not carried his burden of establishing that his position in this case was substantially justified. Accordingly, Wall's motion for attorney fees (dkt 45) is **granted.** The motion to amend that request by adding time spent drafting and defending the motion for fees (dkt 50) is also **granted.**  The request of $9,710.00 in fees and costs is reasonable. A separate order consistent with this ruling shall now issue.

**IT IS SO ORDERED.**

Date:  04/03/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana